UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ODIS MADDEN                                                        PLAINTIFF
ADC #136165

V.                              No. 4:23-CV-00223-DPM-BBM

BROCKMAN, Sgt., Faulkner County
Detention Center; HUFFMAN, Captain,
Faulkner County Detention Center;
SCOTT, Lt., Faulkner County Detention
Center; TIM RYALS; and DOES, Captain,
"John" and "Jane," Faulkner County Detention Center          DEFENDANTS

## <u>RECOMMENDED DISPOSITION</u>

The following Recommended Disposition has been sent to Chief United States

District Judge D.P. Marshall Jr. You may file written objections to all or part of this

Recommendation. If you do so, those objections must: (1) specifically explain the factual

and/or legal basis for your objection; and (2) be received by the Clerk of this Court within

fourteen (14) days of the date of this Recommendation. If you do not file objections, Chief

Judge Marshall may adopt this Recommendation without independently reviewing all of

the evidence in the record. By not objecting, you may waive the right to appeal questions

of fact.

## I.    BACKGROUND

On March 20, 2023, Plaintiff Odis Madden and fifty-nine other inmates filed a

single *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging that they were being

subjected to unconstitutional conditions in the Faulkner County Detention Center

("FCDC"). (Doc. 1). In conformance with the Court's general practice, the Complaint was severed into sixty individual cases.

After Madden demonstrated his eligibility to proceed *in forma pauperis*, the Court conducted an initial screening of the Complaint, pursuant to the Prison Litigation Reform Act ("PLRA"), and noted several deficiencies.[1] (Doc. 8). Madden was given leave to file an Amended and Substituted Complaint, but he failed to do so. *Id*. Accordingly, the Court will proceed with screening.

## II.   ALLEGATIONS

In his Complaint, Madden alleges that FCDC officials—Sergeant Brockman, Captain Huffman, Lieutenant Scott, Tim Ryals, and Doe Defendants—conspired to deny inmates their constitutional rights. (Doc. 1 at 7). He also believes that judges and retired judges privately own FCDC and are unlawfully detaining inmates for profit. *Id.* at 8.

Madden, moveover, alleges that he and the other fifty-nine inmates who signed the Complaint "are in imminent danger" and have been subjected to:

(a) "discipline in retaliation for grievances and complaints;"

(b) "excessive force, guard brutality, unsanitary, dangerous and overly restrictive conditions;"

(c) "sexual harassment by staff;"

(d) the risk of "serious harm by staff, other inmates, leaking roofs, mold, excessive dirt and feces…dust and debri[s], lack of lights that kill viruses and diseases…[and] overcrowding;" and

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

(e) "either extreme heat or extreme cold and not given proper bedding or clothing."

*Id.* at 7–10.

Furthermore, Madden alleges that:

(a) The FCDC "staff has failed to protect inmates from being attacked by other incarcerated persons."

(b) "Guards" denied protective custody to an unspecified inmate.

(c) The FCDC "provides no protection, [conducts] hearings without subject matter or personal jurisdiction, and [provides] false or no notices [of the hearings.]"

(d) The FCDC does not provide enough working toilets and sinks for the number of inmates.

(e) On March 9, 2023, two unspecified inmates had a "medical emergency" due "to either extreme heat or extreme cold."

*Id.*

Madden asserts violations of the Fourteenth Amendment's equal protection and due process clauses, the Eighth Amendment's prohibition on cruel and unusual punishment, and the Arkansas Constitution. *Id.* at 7. He sues Defendants in their individual and official capacities. *Id.* at 2.

## III.    DISCUSSION

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal*, 556 U.S. at 678.

A prisoner's § 1983 complaint must allege facts sufficient to show how each defendant was personally involved in the alleged constitutional wrongdoing. *Id.* at 676. Moreover, a prisoner cannot bring claims on behalf of other prisoners and must allege facts showing how he was personally injured by the alleged mistreatment. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Madden's Complaint fails to state a plausible claim for relief for two reasons. First, Madden makes vague allegations against "prison [and] jail officials," "staff," "guards," and the "facility." (Doc. 1 at 8–10). In fact, Madden provides no names or dates of specific incidents in connection with the 19 numbered paragraphs in the Complaint. *Id.* at 7–10. Without more, it is impossible to know how each of the named Defendants was personally involved in the alleged constitutional violations. *Iqbal*, 556 U.S. at 676.

Second, the allegations in the Complaint are far too broad to show how Madden was personally injured by the alleged unconstitutional conditions in the FCDC. *Martin*, 780 F.2d at 1337. The only allegation that comes close to showing injury involves two *unspecified* inmates suffering a "medical emergency." (Doc. 1 at 9).

Because the Complaint lacks any specific factual allegations to show how the named Defendants were personally involved in the purported constitutional violations or how Madden was personally injured by those violations, Madden's Complaint fails to state a plausible claim for relief under 42 U.S.C. § 1983.

## IV.    CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.    Madden's Complaint (Doc. 1) be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.

2.    The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

3.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 15th day of December, 2023.

UNITED STATES MAGISTRATE JUDGE